## Moscoso *v.* El Registrador de la Propiedad.

### Recurso gubernativo contra nota del Registrador de la Propiedad de Ponce.

No. 3.—Resuelto en junio 8, 1907.

Otorgamiento de Instrumentos Públicos—Conocimiento de las Partes—Fe del Notario.—Al final de la escritura á que se refiere el caso de autos, el notario da fe en la forma siguiente: ''del conocimiento, profesión y vecindad de los comparecientes, así como de su edad y estado con relación al dicho de los mismos, y de cuanto se consigna en este instrumento público, doy fe.'' *Se resolvió,* que redactada así la cláusula, se entiende perfectamente que el notario da fe del conocimiento, profesión y vecindad de los comparecientes *por su conocimiento propio.*

Bienes Gananciales—Administrador de la Sociedad de Gananciales.—Aunque el marido es el administrador de la sociedad de gananciales y es el que debe, en estricto derecho, otorgar las escrituras de donación, enagenación ú obligación á título oneroso, de los' bienes de dicha sociedad, y al exigirse el consentimiento expreso de la mujer para estos actos, se ha tratado sólo de poner á salvo sus intereses, es claro que los requisitos de la ley se han cumplido en la escritura de venta que pretende inscribir el recurrente, por constar el consentimiento expreso de ambos cónyuges en la enagenación, aunque en ella figure·como otorgante la mujer y concurra el marido á los efectos de prestar su consentimiento, por lo que procede su inscripción.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Hernández Usera.*

El Juez Presidente Sr. Quiñones, emitió la opinión del tribunal.

*Visto* el presente recurso gubernativo interpuesto por el abogado Don José Hernández Usera, á nombre de Don Teodoro Moscoso contra nota denegatoria del Registrador de la Propiedad de Ponce, á inscribir una escritura de compraventa.

*Resultando:* que por escritura pública otorgada en esta ciudad de San Juan ante el abogado y notario de la misma Don José Hernández Usera, en 11 dè diciembre de 1906, Doña Bárbara Martínez y Rivera, con la asistencia y consentimiento expreso de su esposo Don José Ramón González y Rivera, vend'ó á Don Teodoro Moscoso y Rodríguez, dos solares sitos

en la calle del Dr. Pujals de la ciudad de Ponce, uno de ellos
con casa de altos de madera y bajos de mampostería, los que
le correspondían en propiedad por compra á Don Manuel
Gómez  Coimbre y á Doña Carlota García Ayala y sus hijos
Don Pablo Enrique, Doña Ana Carlota y Doña Carlota Acacia
Arroyo y García, por escrituras públicas otorgadas á su favor
con el consentimiento de su esposo Don José Ramón González,
en 15 de octubre de 1895 y 15 de febrero de 1894, respectiva-
mente, inscritas ambas en el registro de la propiedad de
aquella ciudad, verificándose la venta por el precio ajustado y
convenido de cuatro mil dollars, pagaderos en el término de
diez años con el interés del siete por ciento anual que se com-
prometió á pagar al comprador por semestres vencidos, que-
dando los solares vendidos hipotecados al pago del precio con-
venido, y consignando el notario al final de la escritura, "que
del conocimiento, profesión y vecindad de los comparecientes,
así como de su edad y estado con relación al dicho de los mis-
mos, y de cuanto se consigna en este instrumento público,
doy fe.''

*Resultando:* que presentada una copia de esa escritura
al Registro de la Propiedad de Ponce para su inscripción, la
denegó el registrador por los motivos que se expresan en la
nota obrante al pie de dicho documento, la que copiada á la
letra dice así:

"Denegada la inscripción del documento que precede por los
siguientes defectos insubsanables: primero, por la vaguedad y con-
fusión que se observa en la redacción de la cláusula en que se da cono-
cimiento de los otorgantes, según la cual no puede precisarse si se
consigna éste con relación al dicho de los mismos ó como afirmación
del propio conocimiento del notario, que exige la ley categóricamente;
y segundo: porque adquiridas, por título oneroso, durante el matri-
monio, según resulta del registro, y debiendo, por consiguiente, repu-
tarse gananciales las fincas enagenadas, realiza su enagenación la
mujer en lugar del marido, único representante de la sociedad con-
yugal, artículos 161, 1316, 1322 y 1327 del Código Civil; sin que
baste el acto meramente pasivo del marido que presta su consenti-
miento á la enagenación, para convalidar esta subversión de las fun-

ciones que á cada cónyuge asigna la ley en el orden económico de la sociedad matrimonial y tomada en su lugar anotación por cuatro meses á les folios 101 y 209 vueltos de los tomos 101, 178 del Ayuntamiento de esta ciudad, fincas números 4461 y 3099 duplicado, anotaciones letras A, respectivamente.—Ponce, diciembre 28 de 1906.—El Registrador, José Sastraño Belaval.''

*Resultando:* que contra esta nota ha interpuesto el abogado Don José Hernández Usera, á nombre de Don Teodoro Moscoso, el presente recurso gubernativo para que se revoque y se ordene al registrador la inscripción de la escritura.

*Considerando:* respecto del primer motivo consignado por el registrador en su nota, que atendidos los términos en que aparece redactada la cláusula final de la escritura, se comprende facilmente que el notario da fe del conocimiento, profesión y vecindad de los comparecientes por su conocimiento propio; y respecto á su edad y estado, con relación al dicho de los mismos, que es lo que exige la Ley Notarial por lo que no existe el motivo de ambigüedad y confusión que supone el registrador en su nota.

*Considerando:* respecto del segundo motivo, que consconstando en la escritura el consentimiento expreso de ambos cónyuges en la venta, queda cumplido el precepto del artículo 159 del Código Civil vigente, que requiere aquel requisito para la validez de las enagenanciones de los bienes inmuebles de la sociedad conyugal, á cuya clase corresponden los solares vendidos, y por consiguiente, que no puede estimarse nula la venta de los mismos, como lo ha declarado ya este Tribunal Supremo en resolución de 21 de marzo último, dictada en otro recurso de esta misma índole establecido por Don Manuel J. Vidal, como mandatario verbal de Don Pedro J. Rosaly, contra una resolución igual dictada por el mismo registrador de Ponce en un caso exactamente análogo al presente.

*Se revoca* la nota denegatoria puesta por el Registrador de la Propiedad de Ponce al pie de la escritura de que se trata en el presente recurso, y se declara que dicha escritura es inscribible y con copia certificada de la presente resolución, de-

devuélvase al registrador la escritura presentada, para que proceda á inscribirla y á lo demás que corresponda con arreglo á derecho.

*Revocada.*

Jueces concurrentes: Sres. Hernández, Figueras y Wolf. Juez disidente: Sr. MacLeary.